J. S63044/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALAN JOSEPH WARD, | : | No. 739 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 25, 2017,
in the Court of Common Pleas of Mercer County
Criminal Division at No. CP-43-CR-0001906-2015

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 12, 2017**

Alan Joseph Ward appeals the judgment of sentence in which the Court of Common Pleas of Mercer County sentenced him to serve a term of 27 to 60 months' imprisonment for possession with intent to deliver (heroin) ("PWID").  The trial court also sentenced appellant to a term of 27 to 54 months for criminal conspiracy to commit PWID to run concurrently with the PWID sentence.  After careful review, we affirm.

The relevant procedural history, as recounted by the trial court, is as follows:

> [Appellant] was arrested on December 12, 2015, and charged with [PWID], Possession of Drug Paraphernalia and Criminal Conspiracy.  These charges arose out of the discovery of 22.02 grams of heroin during a search of 928 Fruit Avenue in the City of Farrell that same day.

. . . .

On September 12, 2016, the Commonwealth filed a Notice pursuant to Pennsylvania Rule of Evidence 404(b)(3) of its intent to introduce . . . three prior uncharged unlawful deliveries to a confidential informant.

On September 26, 2016, [appellant] filed a motion seeking disclosure of the confidential informant's identity.

Both motions were heard before Judge Robert G. Yeatts on September 30, 2016. Judge Yeatts entered an order granting the Commonwealth leave to introduce the three uncharged undercover buys at trial and denying the motion to disclose the identity of the confidential informant.

A jury trial commenced on February 21, 2017. On February 22, 2017, the jury returned GUILTY verdicts on the charges of [PWID] and Criminal Conspiracy of [PWID] and NOT GUILTY of Possession of a Controlled Substance and Criminal Conspiracy to Possession of a Controlled Substance.

On April 25, 2017, [appellant] was sentenced to concurrent terms of imprisonment of not less than 27 months nor more than 60 months. This sentence was in the standard range of the Sentencing Guidelines.

On May 3, 2017, [appellant] filed a Motion for Judgment of Acquittal. The motion was denied without a hearing that same day.

On May 4, 2017, [appellant] filed a Motion to Modify Sentence alleging that the sentence imposed was manifestly excessive in length because it was not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of [appellant]. That motion was denied that same day without a hearing.

Trial court opinion, 6/14/17 at 1-3 (footnote omitted).

Appellant filed a notice of appeal to this court on May 19, 2017. On May 19 2017, the trial court directed appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his statement of errors on appeal. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for this court's review:

[1.] Challenge to 404(b)(3) Evidence – Whether the Pre-Trial Court erred when it allowed evidence of three prior controlled buys as prior bad acts against [appellant] where appellant was only involved in one of the three and whether such evidence's prejudicial effect outweighed it probative value.

[2.] Challenge to Denial of Confidential Informant Identity – Whether the Pre-Trial Court erred when it granted the admission of prior bad act evidence in the form of three controlled buys and also denied [appellant's] request to reveal the identity of the confidential informant as the confidential informant's testimony was the only direct evidence of the prior controlled buys and access to such witness was [appellant's] only means to properly defend against said evidence.

[3.] Challenge to the Sufficiency of Evidence – Whether the Trial Court erred when it denied [appellant's] Motion for Judgment of Acquittal when the Commonwealth clearly failed to produce sufficient evidence to prove the element of possession in regard to the charge of [PWID] and the conspiracy thereof.

> [4.] Challenge to the Discretionary Aspect of Sentence – Whether the Trial Court erred when it issued a clearly unreasonable sentence to [appellant] for [PWID] resulting in a 27 month to 60 month state penitentiary sentence and Conspiracy to Possess a Controlled Substance with the Intent to Deliver resulting in a 27 to 54 month concurrent state penitentiary sentence and weather [sic] it violated the fundamental norm that a sentence of confinement should address a defendant's rehabilitative needs.

Appellant's brief at 13-14.

Initially, appellant contends that the trial court erred when it allowed evidence of three prior controlled buys as prior bad acts against appellant where appellant was only involved in one of the three buys and such evidence was more prejudicial than probative.

On September 12, 2016, prior to trial, the Commonwealth notified appellant pursuant to Rule 404(b)(3) of the Pennsylvania Rules of Evidence that the Commonwealth intended to introduce at trial evidence of appellant's participation in prior crimes and prior bad acts for purposes of motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or lack of accident.

The Commonwealth alleged that on December 10, 12, and 13, 2015, the Mercer County Drug Task Force made a series of controlled buys from appellant and his cousin, Gregory George Weidner ("Weidner"). The Commonwealth further alleged that the uncharged buys demonstrated the conspiracy of appellant and Weidner to possess large amounts of heroin with

intent to deliver and are prior bad acts that help explain why the search warrant was issued and why appellant and Weidner were tied to the search location. ("Commonwealth's Notice Pursuant to PA.R. [sic] 404(b)(3)" at 7-8, ¶¶ 54-55.) In the December 10, 2015 buy, a confidential informant ("CI") telephoned Weidner to set up a purchase. Appellant arrived at the meeting site driving Weidner's mother's BMW X5. Appellant exited the BMW and walked to the CI's vehicle and entered it. Two minutes later, appellant left the vehicle. He drove back to the house on Federal Street. The CI produced what appeared to be heroin. (*Id.* at 9, ¶¶ 56-72.) The other two buys were set up with Weidner near 928 Fruit Avenue. The residence at Fruit Avenue, where the heroin was found, was owned by Valerie Balbirsingh in care of her mother, Verna McKeithan, who had an oral agreement to sell the property to Heidi Harris, aka Heidi Williams, who was Weidner's mother and appellant's aunt. (*Id.* at 12-13, ¶¶ 107-109.)

In an order dated September 30, 2016, the trial court permitted evidence of the controlled buys and reasoned:

> After review, the Court has determined that the Commonwealth will be permitted to enter the evidence of the controlled buys under the ***res gestae*** exception to the prohibition, on prior bad acts. ***Res gestae*** evidence describing other crimes or bad acts is admissible to tell the complete story only if the probative value of the evidence outweighs its potential for unfair prejudice. The controlled buys allow the prosecution to tell the complete story of the case, as they are part of the same chain as the charged crime, and form an integral part of the police investigation. The controlled buys were used

> as the basis for the search warrant that led to the seizure of 22.04 grams of heroin from the residence at 928 Fruit [Avenue], Farrell. These three uncharged instances of selling narcotics to undercover agents are necessary to establish the background of the search warrant, and to show the course of investigative conduct leading up to [appellant]'s arrest. Not allowing the Commonwealth to introduce such evidence would lead [sic] a large gap in the history of the investigation, and is not unfairly prejudicial to [appellant].

Trial court order, 9/30/16 at 2 (citation omitted).

Appellant argues that his only connection to the buys involving Weidner is that he is Weidner's cousin and suggestions that appellant is related to a person who is involved in criminal activity would have the effect of prejudicing appellant in front of a jury.

"On appeals challenging an evidentiary ruling of the trial court, our standard of review is limited. A trial court's decision will not be reversed absent a clear abuse of discretion." **Commonwealth v. Aikens**, 990 A.2d 1181, 1184 (Pa.Super. 2010) (citations omitted). "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Id.** at 1184-1185 (citations omitted).

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad

acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2).[1] In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

*Id.* at 1185 (citations to case law omitted).

---

[1]    **Rule 404.  Character Evidence; Crimes or Other Acts**

. . . .

**(b)   Crimes, Wrongs or Other Acts.**

**(1)   Prohibited Uses.**  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2)   Permitted Uses.**  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

**(3)   Exceptions   for   a   Witness.**  Evidence of a witness's character may be admitted under Rules 607, 608, and 609.

Pa.R.E.  404(b)(1)-(3).    Rules  607-609  address  the  impeachment  of witnesses.

The evidence was admissible as part of the natural development of the facts of the case. *See Commonwealth v. Burton*, 770 A.2d 771, 778 (Pa.Super. 2001), *appeal denied*, 868 A.2d 1197 (Pa. 2005), *overruled on other grounds by Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002) (evidence of other crimes, wrongs, or bad acts is admissible where they were part of a chain or sequence of events which formed the history of the case and were part of its natural development, also known as the "complete story" rationale). This court finds that the trial court did not abuse its discretion. As the trial court stated, allowing the admission of this evidence provides the jury with the necessary background as to why the search at the Fruit Avenue address was conducted. Further, the Commonwealth alleged that there were much closer connections between appellant and his cousin with respect to drug transactions than just their familial relationship.

Appellant also challenges the admission of evidence concerning the one controlled buy in which the Commonwealth alleged that he did play a part. Once again and for the same reasons, the trial court did not abuse its discretion when it permitted the Commonwealth to introduce this evidence.

Appellant next contends that the trial court erred when it denied his request to reveal the identity of the CI as the CI's testimony was the only direct evidence of the prior controlled buys and access to the witness was his only means to properly defend against such evidence. Appellant argues that

because the CI was the only eyewitness to the buys and that testimony from the police officers would be circumstantial, fairness required that he be given the identity of the informant prior to trial.

When reviewing the denial of a motion to disclose the identity of a CI, our standard of review is "to determine whether the trial court abused its discretion in denying appellant's request for discovery." ***Commonwealth v. Belenky***, 777 A.2d 483, 487 (Pa.Super. 2001), citing ***Commonwealth v. Roebuck***, 681 A.2d 1279, 1282 (Pa. 1996).

The ability to compel disclosure of the identity of a confidential informant flows from the right to discovery contained in the Rules of Criminal Procedure. Pa.R.Crim.P. 573 (B)(2)(a)(i), 42 Pa.C.S.A. A defendant has a qualified right to discovery of the names of eyewitnesses. However, when the eyewitness is a confidential informant, police departments have a well-placed reluctance to disclose the identity of such eyewitnesses and, in fact, a recognized privilege to refuse disclosure of the identity of informants. ***Commonwealth v. Bing***, 713 A.2d 56, 58 (Pa. 1998). The privilege is not absolute, however, and must give way under appropriate circumstances.

When moving for disclosure, the defendant must first show "that the information sought is material and the request is reasonable." ***Interest of D.B.***, 820 A.2d 820, 822 (Pa.Super. 2003). If the defendant satisfies this burden, then the trial court must apply a balancing test, with "the balance

initially weigh[ing] in favor of maintaining confidentiality of the informant's identity in order to preserve the public's interest in effective law enforcement." *Commonwealth v. McCulligan*, 905 A.2d 983, 989 (Pa.Super. 2006).

"The defendant need not predict exactly what the informant will say, but he must demonstrate a reasonable possibility the informant could give evidence that would exonerate him. More than a mere assertion that disclosure of the informant's identity might be helpful is necessary." *Belenky*, 777 A.2d at 488 (citation omitted). "[T]he defendant must lay an evidentiary basis or foundation that the confidential informant possesses relevant information that will materially aid the defendant in presenting his or her defense and that the information is not obtainable from another source." *Commonwealth v. Hritz*, 663 A.2d 775, 780 (Pa.Super. 1995). *See Commonwealth v. Eicher*, 605 A.2d 337, 348 (Pa.Super. 1992), *appeal denied*, 617 A.2d 1272 (Pa. 1992) (appellant seeking disclosure of informant must have "concrete evidence" corroborating defense theory "other than his own self-serving allegations"; absent "more specific evidence," the trial court is not required to compel disclosure and allow the defense to conduct a fishing expedition). Only if the defendant makes this threshold showing must the trial court weigh the competing interests to determine whether the informant's identity should be revealed.

*Commonwealth v. Marsh*, 997 A.2d 318, 322 (Pa. 2010) (plurality); *Bing*,

713 A.2d at 58; *Belenky*, 777 A.2d at 488.

In the same September 30, 2016 order where the trial court permitted

the admission of evidence of the controlled buys, the trial court denied

appellant's motion to disclose the identity of the CI. The trial court

reasoned:

> Although the Commonwealth argues that the identity of the [CI] is not material to the present case, the Court must disagree. The Commonwealth believes that because the buys themselves are uncharged, there is no material evidence to be brought from these incidents. However, it is apparent from the record that the informant was an integral part of the conspiracy case against the co-defendants, making his identity material to the present matter. Having reached this determination, the Court balanced the parties['] interest[s] and concluded that the Commonwealth is not required to disclose the witness[.] The Commonwealth asserts that it can make its case based entirely on the testimony of police officers, and that it does not need any direct statement from the informant. Moreover, this testimony is not that of a lone officer, but the combination of several officers' testimony concerning the situation surrounding the controlled buys and other corroborating evidence such as unmarked bills. Not only is the testimony of the informant not necessary to the prosecution of the case, but revealing the identity of the informant raises a risk of harm to the informant and has the potential to disincentivize [sic] other citizens to participate in this form of police reconnaissance. Both defendants in this case possess substantial criminal records, including aggravated assaults and weapons convictions. The Commonwealth is reasonably concerned about preserving its informant's safety, and ensuring that other informants feel safe working with law enforcement.

Trial court order, 9/30/16 at 3-4.

Here, the trial court determined that appellant met the threshold that the CI's testimony would be material and the request was reasonable. The trial court then determined that the testimony of several police officers as well as other evidence could prove the Commonwealth's case such that the testimony of the CI would not necessarily prove helpful to appellant. Further, the trial court reasoned because both appellant and Weidner had a history of aggravated assault and weapons convictions that the CI could be in some danger if his or her identity were revealed. Appellant does not persuade this court that the trial court abused its discretion when it did not allow the identity of the CI to be revealed.

Appellant next contends that the trial court erred when it denied his motion for judgment of acquittal when the Commonwealth clearly failed to produce sufficient evidence to prove the element of possession in regard to the charge of possession of a controlled substance with the intent to deliver and the conspiracy thereof.

Before addressing the merits of appellant's argument, this court notes that in his statement of errors complained of on appeal, appellant only stated that there was not sufficient evidence to establish a conviction for conspiracy. Appellant did not raise a sufficiency issue concerning the PWID conviction. The failure to include an issue in the statement of errors complained of on appeal results in a waiver of that issue. ***See***

***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998).  Consequently,

appellant waived the issue of the sufficiency of the evidence concerning the

conviction for PWID.

We shall now review the merits of appellant's appeal as it pertains to

the conspiracy conviction.

> A claim challenging the sufficiency of the evidence is a question of law.  ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000).  In that case, our Supreme Court set forth the sufficiency of the evidence standard:
>
>> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993).  Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, 460 Pa. 482, 333 A.2d 876 (1975).  When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).
>
> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

Conspiracy is defined in Section 903 of the Crimes Code as follows:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1)     agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2)     agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903.

The underlying offense, possession with intent to deliver, is defined as:

(a)     The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

(30)     Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with

- 14 -

a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy. ***Commonwealth v. Hennigan***, 753 A.2d 245, 253 (Pa.Super. 2000). "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." ***Id.***

As our Court has further explained with respect to the agreement element of conspiracy:

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

***Commonwealth v. Johnson***, 719 A.2d 778, 784-785 (Pa.Super. 1998).

***Commonwealth v. McCall***, 911 A.2d 992, 996 (Pa.Super. 2006).

Appellant argues that there was no evidence to suggest that there was a conspiracy between Weidner and appellant to possess the heroin that was recovered at the Fruit Avenue address.

The trial court determined that the following evidence was sufficient to establish a conspiracy:

> In the case at hand, [appellant] and Weidner are cousins. In the first buy, [appellant] shows up in a vehicle owned by Weidner's mother. The phone number used is linked to a phone found with Weidner. The second and third buys are set up using the same telephone number for the first buy and occurred at the residence where the drugs at issue were found. [Appellant] and Weidner are together when they [sic]search warrants are issued.

Trial court opinion, 6/14/17 at 9.

Appellant argues that these facts are insufficient to establish a conspiracy. However, the same phone number was used to arrange the buy handled by appellant and the two handled by Weidner. The two buys handled by Weidner were conducted at or near the Fruit Avenue address where the heroin was found. Further, appellant drove to the buy in a vehicle owned by Weidner's mother. As appellant himself admits, a conspiracy can be proven by circumstantial evidence. *See Commonwealth v. Perez*, 931 A.2d 703, 708 (Pa.Super. 2007). Viewing the evidence in the light most favorable to the prevailing party, the evidence presented by the Commonwealth was sufficient to establish conspiracy.

Finally, appellant contends that the trial court erred when it imposed a clearly unreasonable sentence in violation of a fundamental norm where a sentence of confinement should address a defendant's rehabilitative needs. Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.
>
> . . . .
>
> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d 162, 169-170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging the discretionary aspects of his sentence. First, appellant timely filed his notice of appeal.

Second, appellant raised the issue that the trial court imposed a sentence that was excessive and did not take into account his rehabilitative needs in his post-sentence motion which essentially is the issue before this court. However, appellant included a Rule 2119(f) statement in his brief in which he avers that even though he was sentenced within the sentencing guidelines, it is clearly unreasonable to stay within the guidelines because his convictions were highly speculative. Similarly, in the argument section of his brief, appellant addresses the speculative nature of his convictions. While appellant does not strictly comply with Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure in that the issue raised is not exactly raised in the argument section of the brief, this court will address the issue raised in the argument and in the Rule 2119(f) statement because we can render meaningful appellate review.

Appellant does not cite to any statute or case law to indicate that he has raised a substantial question in that his role in the possession of heroin and the conspiracy to possess heroin is highly speculative such that he should receive a lighter sentence. This court does not find that he raised a substantial question. Appellant was found guilty by a jury of his peers and was sentenced by the trial court within the standard range. Appellant's belief that the facts of the case were speculative does not raise a substantial question that the trial court imposed a sentence that was not appropriate under the Sentencing Code.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/12/2017