In the Interest of: D.B.

Appeal of: D.B.

Superior Court of Pennsylvania.

Submitted Oct. 7, 2002.
Filed March 25, 2003.

Karl Baker and John Packel, Public Defenders, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., TODD and OLSZEWSKI, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from an order of adjudication of delinquency and commitment following a finding of guilt on the charge of possession with intent to deliver a controlled substance.

¶ 2 The facts as stated by Appellant in his brief are as follows:

On October 21, 2001, sometime near 6:30 p.m. and while investigating alleged drug sales, police officer Stubbs gave a confidential informant a pre-recorded twenty-dollar bill with which to attempt to buy drugs in a park at 6000 Baltimore Ave. in Philadelphia. The appellant, D.B., was arrested and charged with possession and possession with intent to deliver a controlled substance, at Petition No. 7583–0110.

Prior to his adjudicatory hearing, counsel for D.B. filed a verified Motion to Compel Production of the Eyewitness Informant or to Dismiss Prosecution, and a verified Brief in Support.... Therein counsel noted that D.B. denied the charge; that his defense was misidentification; and that D.B. believed that the informant, an eyewitness, might offer evidence to support his misidentification defense. The prosecutor filed a Letter Brief in Opposition .... The parties argued the merits of the motion without testimony and on the basis of the briefs, and on November 30, 2001 the Hon. Joseph Bruno denied the Motion to Compel, in the juvenile division of the Philadelphia County Court of Common Pleas.

At a subsequent adjudicatory hearing before the Hon. Robert J. Rebstock, Officer Stubbs said that he watched from a trolley stop about fifty feet distant as the informant approached D.B. He said that the informant held a brief conversation with D.B., after which D.B. took a baggie from a nearby trash can, took a couple of small items from the bag, gave those items to the informant and received currency in exchange. The officer said that he continued to watch as the informant returned to him (the officer had now moved from the trolley stop to his car, some twenty feet further away) and handed over two bags of suspected crack cocaine. Officer Stubbs notified his backup officers, and D.B. was arrested "as soon as" the transaction had occurred and the informant had returned to Stubbs. Officer Stubbs was present when either $210.00 or $290.00 (both amounts were mentioned by the officer) was recovered from D.B., including the $20.00 pre-recorded buy money.

No other officer testified in this matter; nor did Officer Stubbs testify that anyone other than he and the informant witnessed this purported transaction; nor did the state in its Letter Brief in Opposition allege that anyone other than Officer Stubbs and the informant witnessed this supposed transaction.

After the state rested, D.B.'s mother testified on his behalf that she had given D.B. $200.00 on the day of his arrest—two fifties and five twenties—so that he could buy clothing and attend a music show. D.B. testified that he was in the park and that he had bought a five-dollar bag of marijuana while there, but denied any connection to the sale of any crack cocaine. He said that he had broken both fifties that his mother had given him, so that they were no longer in his possession when he was arrested.

Appellant's Brief at 4–6.

¶ 3 Appellant was charged with delivery of a controlled substance, possession with intent to distribute a controlled substance, and knowing/intentional possession of a controlled substance. Following a bench trial, Appellant was found guilty of delivery of a controlled substance and adjudicated delinquent. This appeal followed.

■ ¶ 4 Appellant presents this sole question for review on appeal:

Did the trial court err when it denied a pretrial motion to disclose the identity of an eyewitness, a confidential police in-

formant, where the appellant raised a defense of misidentification, where the informant was the only witness other than a police officer to the single transaction at issue, and where the state failed to demonstrate any exceptional or compelling reason for non-disclosure?

Appellant's Brief at 3.

¶ 5 Appellant claims that he was misidentified as the perpetrator in this case and that the informant would corroborate this assertion. Appellant's Brief at 9. Before an informant's identity may be revealed, the defendant must establish pursuant to Pa.R.Crim.P. 305(B) that the information sought is material to the preparation of the defense and that the request is reasonable. *See Commonwealth v. Roebuck*, 545 Pa. 471, 681 A.2d 1279, 1283 (1996). Only after a showing by the defendant that the information sought is material and the request reasonable is the trial court called upon to exercise its discretion to determine whether the information is to be revealed. *Roebuck*, 681 A.2d at 1283.

¶ 6 In *Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284 (1967), our Supreme Court announced standards which should guide the trial courts in the exercise of their discretion in cases where the defendant requests the identity of a confidential informant who is also an eyewitness and, in response, the Commonwealth asserts its qualified privilege to maintain the confidentiality of the informant. In *Carter*, our Supreme Court adopted the guidelines which the United States Supreme Court announced in *Roviaro v. U.S.*:

we believe that no fixed rule with respect to disclosure [of the confidential informant's identity] is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders the nondisclo-

sure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

*Carter*, 233 A.2d at 287 (quoting *Roviaro v. U.S.*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).

¶ 7 Here, the trial court determined that the identity of the informant was not material to Appellant's defense of misidentification. Trial Court Opinion, 5/13/02, at 7. The trial court also noted the Commonwealth's assertion that disclosure of the informant's identity would jeopardize his safety. *Id.*

¶ 8 Upon review, we find that the trial court erred when it determined that there was no showing that disclosure of the informant's identity was material to Appellant's defense of misidentification. In the case *sub judice*, the confidential informant was the only eyewitness to the transaction, other than Officer Stubbs. There is a reasonable possibility that the confidential informant could provide evidence that would exonerate Appellant. Thus, the possible significance of the confidential informant's testimony cannot be underestimated in this case. This factor weighs in favor of disclosure. Furthermore, the fact that the only other eyewitness to the transaction was a police officer also weighs in favor of disclosure. *See Carter*, 233 A.2d at 288.

¶ 9 Accordingly, the information sought by Appellant is both material and reasonable. The trial court erred in finding that it was not. Only after the evidence is deemed to be material to the defense can the trial court exercise its discretion to determine whether this evidence should be revealed, in this case conducting the balancing test set forth in

*Carter*. Thus, having determined that disclosure of the informant's identity is material to the Appellant's defense, we affirm Appellant's commitment and adjudication of delinquency but remand to the trial court for a hearing and determination of whether the informant's identity should have been disclosed, utilizing the balancing test outlined in *Carter*. This ruling is to be made within 60 days of this order of remand. If, on remand, the trial court concludes that the informant's identity should have been disclosed, Appellant's commitment and adjudication of delinquency should be vacated and a new adjudicatory hearing granted, subject to the Commonwealth's right of appeal. If the trial court on remand finds no sound basis for refusing disclosure, Appellant shall have a right to appeal this finding within 30 days of the entry of the trial court's order.

¶ 10 Order of commitment and adjudication of delinquency affirmed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.