J-S27031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T.R., | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellee | |
| | v. | |
| T.H., | | |
| | Appellant | No. 2751 EDA 2016 |

Appeal from the Order August 9, 2016
in the Court of Common Pleas of Philadelphia County
Family Court at No.: OC1600174

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 26, 2017**

Appellant, T.H. (Father) appeals *pro se* from the order, entered by mutual agreement, with Appellee, T.R. (Mother).  The order granted Mother primary physical custody and sole legal custody of T.H. (Child), born in June of 2010.[1]  Father participated in the custody hearing by telephone because he is incarcerated, after a conviction of first degree murder.  However, he was also represented at the hearing by counsel, who was physically present.  Father's issue is waived because he failed to raise his sole question on appeal in the trial court.  Accordingly, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order also granted Father weekly visits by telephone and letter writing privileges.

On appeal, Father claims for the first time that he only agreed to the order because the custody master told him that any incarcerated parent convicted of murder cannot be granted any custodial rights at all. (**See** Father's Brief, at 6).[2]  Father contends that the master gave him erroneous advice[3] because pursuant to 23 Pa.C.S.A. § 5329(b) custody is denied only if the parent murdered the other parent.[4]  (**See id.**, at 10-14).  Father also claims for the first time on appeal that the telephone connection was faulty and, contrary to his agreement on the record at the time, now contends that he missed key parts of the custody master's colloquy.

_____

[2] Mother appeared *pro se* at the custody hearing and did not file a brief in this appeal.

[3] Father ignores the fact that he was represented by independent counsel at the hearing.  Father tried to enlist hearing counsel to support his version of events, or even represent him on this appeal. (**See** Father's Brief, at Exhibit "C").  Counsel apparently declined.  We note that the record in this case is exceptionally thin, and the complete circumstances of counsel's appearance and withdrawal are not readily apparent.  Nevertheless, because Father raises a question of law, and the necessary context of his claim is self-evident, our review is not impeded.

[4] Section 5329(b) provides, in relevant part:

> **Parent convicted of murder.**—No court shall award custody, partial custody or supervised physical custody to a parent who has been convicted of murder under 18 Pa.C.S. § 2502(a) (relating to murder) of the other parent of the child who is the subject of the order unless the child is of suitable age and consents to the order.

23 Pa.C.S.A. § 5329(b).

The purported pre-hearing conversation is not included, or even referenced, in the certified record. Father argues that because the conversation occurred before the master went on the record, the notes of testimony are incomplete. He contends that if he had received correct advice from the master he would have refused to enter into the custody agreement unless he received partial custody and visitation rights. (***See id.*** at 14). He argues on appeal that the case should be remanded for a consideration of the custody factors enumerated in 23 Pa.C.S.A. § 5328. We disagree.

Father did not raise these issues in the trial court. Instead, he timely appealed the custody order, including a single question in his statement of errors, (***see*** Pa.R.A.P. 1925(b)), which is identical to the question presented on appeal:[5]

> I. Whether, in a pure question of law, the [trial] court abused its discretion in failing to interpret the plain language of the Domestic Relations statute enacted under 23 Pa.C.S. 5329(b) that was prejudicial to Appellant where the [trial] courts [sic] erroneous interpretation would necessitate a remand to further develop the relevant enacted factors of 23 Pa.C.S.A. § 5328?

(Father's Brief, at 4).

---

[5] The trial court filed a Memorandum in Lieu of Opinion on September 19, 2016. The single paragraph memorandum cites the notes of testimony of the custody hearing generically and requests quashal, but does not explain the reasons for its decision, address the issue presented or specify where such reasons may be found. ***See*** Pa.R.A.P. 1925(a).

"[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." **C.B. v. J.B.**, 65 A.3d 946, 951 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013) (citation omitted). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, Father never presented his issue directly to the trial court, preventing that court from taking any action on the claim. Therefore, Father's sole issue is waived. **See id.** Accordingly, we will affirm. **See In re K.L.S.**, 934 A.2d 1244, 1246 (Pa. 2007) (when appellant has failed to preserve issues for appeal, the issues are waived, and the trial court's order is properly affirmed.).

Moreover, the claim would not merit relief. "A party who has acquiesced in an order or judgment will not later be heard to challenge it." **Miller v. Miller**, 744 A.2d 778, 783 (Pa. Super. 1999) (quoting **Karkaria v. Karkaria**, 592 A.2d 64, 71 (Pa. Super. 1991). Furthermore, Father was represented by independent counsel at the hearing, and cannot claim he had to rely on the legal advice of the custody master.

Father also concedes the long settled principle that what is not of record does not exist. (**See** Father's Brief, at 16).

> As we have often repeated, matters not appearing in the certified record are not cognizable for appellate review; indeed,

they are deemed not to have transpired. ***See Commonwealth v. Wint***, 730 A.2d 965, 967 (Pa. Super. 1999) ("For purposes of appellate review, what is not in the certified record does not exist.").

***Commonwealth v. Withrow***, 932 A.2d 138, 140 (Pa. Super. 2007).

As a final point, Father's legal analysis is erroneous. He emphasizes 23 Pa.C.S.A. § 5329(b) exclusively, in disregard of 23 Pa.C.S.A. § 5329(**a**), which expressly provides for the consideration of **any** criminal homicide in custody matters. ***See also In re Adoption of S.P.***, 47 A.3d 817, 830 (Pa. 2012) (holding *inter alia* that incarceration, while not a litmus test for termination of parental rights, can be determinative of question of whether a parent is incapable of providing essential parental care, control or subsistence).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/26/2017</u>

- 5 -