J-S78028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID EUGENE RICHARDSON | : | |
| | : | |
| Appellant | : | No. 294 EDA 2018 |

Appeal from the Judgment of Sentence December 5, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002065-2016

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 26, 2019**

David Richardson appeals from the judgment of sentence entered following his jury-trial convictions for persons not to possess firearms, possession of a controlled substance with the intent to distribute ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[1] Richardson argues the trial court erred in denying his motion to compel the identity of the confidential informant and erred in denying his motion to suppress, in which he argued the search warrant was not supported by probable cause. We affirm.

On March 17, 2016, Detective John DiBattista applied for a search warrant for a house located on Union Street in West Chester, Chester County

---

*   Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1) and 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), respectively.

("Union Street house"). The affidavit of probable cause detailed his experience as a police officer and detective and contained information about individuals who engage in drug trafficking. It described a controlled buy as:

> [A] purchase of illegal drugs that is characterized as follows: police give specific directions to the CI; police search the CI prior to him/her meeting with the suspect(s) to obtain a controlled substance to ensure that the CI does not possess any controlled substances or other contraband; pre-recorded currency is provided to the CI to purchase the controlled substance; visual surveillance of the CI is maintained preceding and following the meeting with the suspect(s) to obtained the controlled substance to the extent possible; arrangements are made by police to meet the CI at a specified location following the meeting with the suspect(s); police retrieve any suspected controlled substance from the CI that was obtained from the suspect(s); police search the CI to ensure that he/she did not possess any additional controlled substances or other contraband; and a field-test of the suspected controlled substance is performed.

Affidavit of Probable Cause at 6. Detective DiBattista stated these protocols were followed in the controlled buys outlined in the Affidavit at issue in this case. *Id.*

The Affidavit then outlined the investigation conducted prior to applying for the search warrant.

Detective DiBattista met with a CI who advised Detective DiBattista that he or she had purchased cocaine from multiple people inside the Union Street house over a period of several years.

Between the dates of March 6, 2016 and March 8, 2016, Detective DiBattista met with the CI to conduct a controlled buy at the Union Street

house. Detective DiBattista provided $40 in pre-recorded currency. While under surveillance, the CI entered the Union Street house. Upon exiting he or she met Detective DiBattista at a pre-determined location. The CI provided two small plastic bags containing a white rock like substance suspected to be crack cocaine, which he or she had purchased at the Union Street house in exchange for the pre-recorded currency. The suspected crack field tested positive for crack cocaine.

Between March 9, 2016 and March 11, 2016, Detective DiBattista again met with the CI for a controlled buy. Detective DiBattista provided the CI with $20 in pre-recorded buy money. While under surveillance, the CI arrived at the Union Street house and entered. When he or she exited, the CI met Detective DiBattista at a predetermined location. The CI turned over a small sealed plastic bag containing suspected crack cocaine. The substance field tested positive for crack cocaine.

On March 16, 2016, Detective DiBattista again met with the CI to conduct a controlled buy. Detective DiBattista provided the CI with $20.00 in pre-recorded money. While under surveillance, the CI went to the Union Street house and entered. After exiting, the CI met Detective DiBattista at a predetermined location, where he or she turned over a bag of suspected cocaine. The substance field tested positive for cocaine.

The CI informed Detective DiBattista that he or she purchased the controlled substances from a different person for each controlled buy.

Based on the information provided in the Affidavit, the magistrate district judge granted the application for a search warrant.

The police executed the warrant on March 18, 2016. In the front third-floor bedroom, the police recovered a 9 mm handgun with an obliterated serial number, a plastic bag of suspected crack cocaine, small plastic baggies, digital scales, latex gloves, and a plate with a razor blade and cocaine residue. N.T., 8/23/17, at 56, 64, 66, 97, 117, 130. The police also recovered prescription medication bottles with Richardson's name and his leather jacket from the front bedroom, *id.* at 62, 95, and found Richardson's wife sleeping in the bedroom. *Id.* at 184. The police found Richardson and his father sleeping in the rear third-floor bedroom. *Id.* at 53. Richardson claimed that he only sometimes stayed at the house. *Id.* at 155-56.

The police arrested Richardson and charged him with the above-referenced offenses. The charges were based on the narcotics, paraphernalia, and firearm found while executing the search warrant. Information, filed 6/27/16. Richardson filed a motion to suppress, claiming the search warrant was not supported by probable cause. He further filed a motion to disclose the identity of the CI. The trial court denied the motions.

The trial court conducted a jury trial, at which the Commonwealth presented multiple exhibits and presented the testimony of Detective DiBattista, including his testimony as to the execution of the search warrant. A jury convicted Richardson of PWID, possession of a controlled substance, and possession of a drug paraphernalia and the trial court found Richardson

guilty of possession of firearm by prohibited person. The trial court sentenced Richardson to 78 to 168 month's incarceration and one year probation. Richardson filed a timely notice of appeal.

Richardson raises the following issues:

> I. Whether the trial court erred by denying [Richardson's] motion to compel identity of the Commonwealth's confidential informant?
>
> II. Whether the trial court erred by denying [Richardson's] motion to suppress the search warrant and all evidence gained as a result of such search warrant?

Richardson's Br. at 4.

Richardson argues that the name of the CI should have been provided to him. He claims the CI was an eyewitness and the CI could have exonerating evidence because he or she could testify to whether Richardson sold the drugs to the CI.

We review a trial court's order denying or granting a motion for disclosure of an informant's identity for an abuse of discretion. ***Commonwealth v. Withrow***, 932 A.2d 138, 140 (Pa.Super. 2007).

Pennsylvania Rule of Criminal Procedure 573 provides the trial court with the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness:

> (a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any

of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i) the names and addresses of eyewitnesses....

Pa.R.Crim.P. 573(B)(2)(a)(i).

Where the informant was not an eyewitness, "the extent of the court's discretion is specified more broadly by case law." **Withrow**, 932 A.2d at 140. We have stated there is no fixed rule with respect to when disclosure of a confidential informant's identity is justified, noting:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

**Id.** (quoting **Commonwealth v. Belenky**, 777 A.2d 483, 488 (Pa.Super. 2001)).

Further, "regardless of whether the informant was an eyewitness to the transaction for which the defendant was charged, the Commonwealth retains a qualified privilege not to disclose an informant's identity." **Id.** at 140-41. "To overcome that privilege, the defendant must show that his request for disclosure is reasonable and that the information sought to be obtained through disclosure is material to the defense." **Id.** at 140. "[T]he defendant need not predict exactly what the informant will say," but "must demonstrate at least a reasonable possibility the informant's testimony would exonerate him." **Id.** Only if the defendant shows the information is material and the

request reasonable will the trial court be "called upon to determine whether the information is to be revealed." *Id.* (citing **Belenky**, 777 A.2d at 488).

The Pennsylvania Supreme Court has found that where the charges are based on one drug transaction, the only eye witnesses to the transaction are a police officer and the CI, and the defendant raises a misidentification defense, the defendant has established the materiality of the CI's testimony. *See, e.g., Commonwealth v. Roebuck*, 681 A.2d 1279, 1284-85 (Pa. 1996).

In contrast, where the charges are based on evidence discovered during the execution of a search warrant, and not based on a drug transaction, courts have found the defendant failed to establish the materiality prong. For example, in **Withrow**, this Court found that the trial court erred in granting the motion to disclose the identity of the CI who had witnessed the defendant and a police officer engage in a drug transaction because the drug transaction was not the basis of the charges. 932 A.2d at 141, 143. There, the charges were based on the multiple packets of cocaine and heroin discovered while executing a search warrant in the home. *Id.* at 142. The court noted that the "CI was not an eye witness to the offense with which the defendant was charged." *Id.* at 141. Courts have reasoned that where a defendant is charged with offenses resulting from a search, and the application of the search warrant did not depend on the identity of the person who sold the drugs, then, regardless of whether the defendant sold the drugs, the search of the residence would have occurred. *Id.* (quoting **Belenky**, 777 A.2d at 489).

Further, courts have noted that CIs are not present at the time a warrant is executed and "could add nothing to the question of identity [at the execution of the warrant], which is the only identity relevant to guilt." **Id.** at 142 (quoting **Belenky**, 777 A.2d at 489).

Here, the trial court denied the motion to disclose the identity of the CI because Richardson failed to demonstrate the identity of the CI was material to his defense, reasonable, and in the interests of justice. 1925(a) Op. at 4. Richardson claimed the CI could provide information related to Richardson's defense of constructive possession, that is, the house was not his permanent residence, and provide testimony that the CI had not seen Richardson at the house. **Id.** at 5. The trial court noted that there were a number of possible witnesses that could testify as to where Richardson resided. **Id.** The court concluded the CI "had no information to offer regarding the facts relied upon by the Commonwealth in tying [Richardson] to the contraband found in the third floor front bedroom, including but not limited to a firearm and cocaine, which formed the basis of the charges against Richardson." **Id.** at 5.

This was not an abuse of discretion. The charges were based on the contraband discovered during the execution of the search, not the transactions with the CI. The CI's testimony was not material to any charge or defense. **See Withrow**, 932 A.2d at 141, 143.

Richardson next claims the search warrant was not supported by probable cause, arguing the CI's reliability is suspect, as the affidavit does not contain details as to how the CI had been deemed reliable.

Here, the judge who presided over the trial had retired prior to the filing of Richardson's concise statement of issues on appeal and therefore a different judge issued the Rule 1925(a) opinion. In the Rule 1925(a) opinion, the court found that it was unable to address Richardson's claim that the court erred in denying his motion to suppress because the certified record did not contain an order addressing Richardson's motion or a transcript of any hearing on the motion. 1925(a) Op. at 6. The court concluded it was unable to discern the basis of the prior court's decision. *Id.*

We conclude Richardson has waived his challenge to the denial of the motion to suppress. The certified record does not contain an order on the motion to suppress or any transcript of the proceedings. Further, the docket does not contain an order, and the docket lists notes of testimony filed for the trial and for other hearings, but not for a hearing on the motion to suppress. Because the certified record does not contain the order or the notes of testimony, we conclude this issue is waived. *Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa.Super. 2007) (finding where "[a]ppellant is remiss in fulfilling the duty to provide a record which is sufficient to permit meaningful appellate review as is the case here, the issue raised challenging the sufficiency of the evidence will be deemed waived").

Further, even if not waived, we would conclude that the search warrant was supported by probable cause.

A search warrant must be supported by probable cause. U.S. Cont. amend. IV; Pa.Const. Art. I, § 8. "Probable cause exists where the facts and

circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Jones*, 988 A.2d 649, 655 (Pa. 2010) (quoting *Commonwealth v. Thomas*, 292 A.2d 352, 357 (Pa. 1972)).

"In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established the 'totality of the circumstances' test for determining whether a request for a search warrant under the Fourth Amendment is supported by probable cause." *Jones*, 988 A.2d at 655. The Pennsylvania Supreme Court adopted this test for purposes of making and reviewing probable cause determinations under Article I, Section 8. *Commonwealth v. Gray*, 503 A.2d 921 (Pa. 1986).

The Pennsylvania Supreme Court has described this test as follows:

> Pursuant to the "totality of the circumstances" test set forth by the United States Supreme Court in *Gates*, the task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place . . . .

> It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

. . .

- 10 -

> [Further,] a reviewing court [is] not to conduct a de novo review of the issuing authority's probable cause determination, but [is] simply to determine whether or not there is substantial evidence in the record supporting the decision to issue the warrant.

*Jones*, 988 A.2d at 655 (quoting *Commonwealth v. Torres*, 764 A.2d 532, 537–38, 540 (Pa. 2001)) (some alterations in original).

In *Commonwealth v. Clark*, the Pennsylvania Supreme Court found "probable cause to support the search warrant existed, even though the affidavit contained no explicit recitation whether the CI had previously supplied information leading to arrests, or whether the CI had previously been inside the subject residence, or whether the Appellee had told the CI there were drugs in the residence." 28 A.3d 1284, 1292 (Pa. 2011). There, the court concluded probable cause existed "because the information provided by the CI, namely that [the defendant] was packaging and distributing cocaine out of his residence, was corroborated by independent police investigation." *Id.* There, "the police observed Appellee depart his residence, go directly to the site of a pre-arranged controlled buy, exchange cocaine for money, and return directly to his residence," and the court concluded "[a] common sense, non-technical reading of these facts properly established a fair probability that contraband or evidence of a crime would be found in the residence." *Id.*

Here, the trial court did not abuse its discretion in denying the motion to suppress.[2] The Affidavit contained information supporting the probable cause determination. In the Affidavit, Detective DiBattista described controlled buys in general and the three controlled buys conducted in this case, during which the CI purchased controlled substances from the Union Street House. The Affidavit detailed that for each controlled buy the police officers searched the CI prior to the buy, provided the CI with pre-recorded money, and conducted surveillance. Further, after each controlled buy, the CI produced controlled substances purchased from the Union Street house. Such information supported the reliability of the CI and provided probable cause to believe "that contraband or evidence of a crime will be found in" the Union Street house.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/19

---

[2] As the evidence obtained from execution of the search warrant was admitted at trial, it is clear the court denied the motion. Further, although we do not know the basis of the trial court's decision, we may affirm the trial court on any basis. **See In re Jacobs**, 15 A.3d 509, 509 n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court, and may affirm on any basis.").