**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY NATHANIEL GREEN | : | |
| | : | |
| Appellant | : | No. 1937 EDA 2019 |

Appeal from the Order Entered June 5, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000383-2018

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 06, 2020**

Timothy Nathaniel Green (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of two counts of possession of a controlled substance, and one count each of possession with intent to deliver a controlled substance, possession of drug paraphernalia, persons not to possess firearms, and criminal use of a communications facility.[1] We affirm.

On January 8, 2018, Detective Christopher Shelly (Detective Shelly) of the Stroudsburg Area Regional Police Department, arranged for a confidential informant (CI) to engage in a controlled purchase of narcotics from Appellant's residence, located at 166 North Courtland Street, East Stroudsburg, Pennsylvania (the Property), which Appellant shared with other individuals.

---

[1] 35 P.S. § 780-113(a)(16), (30), (32); 18 Pa.C.S.A. §§ 6105(a)(1), 7512(a).

The CI used a cell phone to contact Appellant to arrange the controlled purchase. Detective Shelly provided the CI with identifiable U.S. currency and observed the CI enter the Property, and then exit a few minutes later. Immediately thereafter, the CI gave Detective Shelly heroin that the CI had purchased while inside the Property.

One day later, Detective Shelly again used the CI to conduct a controlled purchase at the Property, employing the same procedure as the prior controlled purchase.[2] After exiting the Property, the CI provided Detective Shelly with two bags of heroin that were marked "Sexy Lady." Based on the controlled buys, Detective Shelly sought and obtained a search warrant for the Property.

Police executed the search warrant on January 12, 2018. The police located Appellant in his bedroom, and discovered in that room 30 bags of heroin marked "Sexy Lady," crack cocaine, 2 digital scales, a cell phone, and $500 in U.S. currency. The phone number of the cell phone seized matched the same number that the CI had previously contacted to arrange the controlled buys. The police also recovered two firearms, one in the basement and the other in a closet area.

---

[2] We collectively refer to the controlled purchases conducted on January 8 and 9, 2018 as "the controlled buys."

Following the search, the police arrested Appellant and transported him to the police station for questioning, prior to which police advised him of his *Miranda*[3] rights. Detective Shelly testified that during the video-recorded interview, Appellant "admitted that that was his heroin[,]" and "admitted that he sells this heroin to various customers." N.T., 3/14/19, at 46. Appellant further admitted to owning all of the contraband seized from the Property, including the firearms. *See id.* at 41-42, 46. The police charged Appellant with the above-mentioned crimes.[4]

The matter proceeded to a jury trial on March 14, 2019. On the morning of the first day of trial, after the jury had been sworn in, Appellant's counsel filed a motion *in limine*, seeking to suppress any mention of the controlled buys, and to reveal the identity of the CI.[5] The trial court discussed the motion with defense counsel and the prosecutor at sidebar, and denied the motion. At the close of trial, the jury rendered its guilty verdicts.

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] Importantly, the charges pertained only to the contraband seized from the Property. The Commonwealth did not charge Appellant with regard to the controlled buys. Moreover, Detective Shelly never testified that Appellant was the individual inside the Property who sold the heroin to the CI during the controlled buys.

[5] Appellant never filed a pretrial discovery motion seeking to reveal the identity of the CI.

On June 5, 2019, the trial court imposed an aggregate sentence of 7 to 14 years in prison. Appellant filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant now presents the following issues for our review:

I. Whether the trial court erred and abused its discretion in denying Appellant's Motion *in Limine* to prohibit testimony related to any drug transactions which involved a Confidential Informant[,] which was the sole basis for obtaining a search warrant for Appellant's home[?]

II. Whether the trial court erred in failing to compel the Commonwealth to produce the Confidential Informant at trial or disclose his/her identity, therefore depriving Appellant of his Sixth Amendment right to confront his accuser[?]

Brief for Appellant at 6 (suggested answers to questions omitted).

Appellant addresses both of his issues simultaneously in the argument section of his brief; we will do likewise. Appellant contends that the trial court erred in failing to (1) preclude the Commonwealth from introducing evidence of the controlled buys; and (2) compel disclosure of the CI's identity. ***See id.*** at 11-14. According to Appellant, "[t]he identity of the CI is of crucial importance to the defense in that the case consisted entirely of information derived from a witness who was shielded from cross-examination[,] and whose credibility could not be questioned." ***Id.*** at 13.

Our standard of review of a denial of a motion *in limine* is as follows:

When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound

- 4 -

discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Mangel*, 181 A.3d 1154, 1158 (Pa. Super. 2018) (citation omitted). Moreover, "[o]ur standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." *Commonwealth v. Jordan*, 125 A.3d 55, 62 (Pa. Super. 2015) (*en banc*) (citation omitted).

Pursuant to Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness. *Commonwealth v. Marsh*, 997 A.2d 318, 321 (Pa. 2010) (citing Pa.R.Crim.P. 573(B)(2)(a)(i)). Our Supreme Court "has repeatedly recognized the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in effective law enforcement." *Marsh*, 997 A.2d at 324 (citation omitted); *see also id.* (stating that the safety of the CI is a controlling factor in determining whether to reveal his or her identity). In order for a defendant to overcome the Commonwealth's qualified privilege, the defendant "must demonstrate at least a reasonable possibility the informant's testimony would exonerate him." *Commonwealth v. Withrow*, 932 A.2d 138, 141 (Pa. Super. 2007). "Only after the defendant shows that the identity of the

confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth." ***Commonwealth v. Koonce***, 190 A.3d 1204, 1209 (Pa. Super. 2018) (citation omitted).

Here, Appellant is incorrect in asserting that the Commonwealth's "case consisted entirely of information derived from [the CI.]" Brief for Appellant at 13. Rather, the Commonwealth's case was predicated upon the contraband seized from the Property, which Appellant *admitted* to possessing. ***See Withrow***, 932 A.2d at 141-43 (holding that the trial court erred in granting defendant's motion to disclose the identity of the CI who had witnessed the defendant and a police officer engage in a drug transaction, because the transaction was not the basis of the charges; rather, the charges were based on the narcotics that police discovered while executing a search warrant of defendant's home); ***see also id.*** at 141 (emphasizing that "the CI was not an eyewitness to the offense *with which the defendant was charged*." (emphasis in original)).[6] Further, Appellant did not raise a challenge to the lawfulness of

---

[6] Moreover, Appellant fails to advance any plausible explanation of how disclosure of the CI's identity, and cross-examination of him or her, could have exonerated Appellant, or even aided the defense, where the charges pertained only to the contraband found in the Property. ***See Commonwealth v. Belenky***, 777 A.2d 483, 488 (Pa. Super. 2001) (stating that a defendant must establish more than a mere assertion that disclosure of the CI's identity "might be helpful.").

the search warrant before the trial court, **see** Pa.R.A.P. 302(a), nor does he on appeal. **See Withrow**, 932 A.2d at 142 (stating that "[b]ecause Withrow did not attack the validity of the warrant, the CI's testimony was not material to his defense."). Accordingly, the trial court did not abuse its discretion in denying the motion *in limine*, and Appellant's issues do not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20