J-S32044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JANET MARIE SHAW | : | No. 59 WDA 2021 |

Appeal from the Order Entered December 10, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000334-2020

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: December 7, 2021**

The Commonwealth of Pennsylvania appeals from the Order granting Janet Marie Shaw's ("Shaw") Omnibus Pretrial Motion.[1] In the Order, the trial court directed the Commonwealth to provide to Shaw the name and address of a confidential informant (the "CI"), in addition to the CI's criminal history and other material to be used for impeachment purposes. We affirm.

During the evening of August 28, 2019, Pennsylvania State Trooper Matthew Gavrish ("Trooper Gavrish"), who was undercover, met with the CI to arrange a controlled buy of crack cocaine from an individual purported to

---

[1] The Commonwealth also has certified that the Order would cause the case to be dismissed and/or would substantially handicap the Commonwealth's prosecution of the case if this Court postponed its review of the trial court's Order. **See** Certification, 1/5/21; **see also** Pa.R.A.P. 311(d) (stating that the Commonwealth may appeal an order that does not end the entire case when the Commonwealth certifies in the notice of appeal that the order will "terminate or substantially handicap the prosecution.").

be Shaw. Trooper Gavrish was not previously familiar with Shaw. Trooper Gavrish and the CI drove to a parking lot in Uniontown, Fayette County, where Trooper Gavrish pulled his vehicle alongside a Chrysler 200 that was parked in the lot. The CI got out of Trooper Gavrish's vehicle, approached the Chrysler, and purchased crack cocaine from the driver of the Chrysler.[2] Thereafter, the CI returned to Trooper Gavrish's vehicle, and Trooper Gavrish drove out of the parking lot.

Approximately an hour later, a different State Trooper stopped Shaw's vehicle for a violation of the Motor Vehicle Code, at which time she was arrested.[3] Police charged Shaw with two counts of possession with intent to deliver, and one count each of possession of a controlled substance and possession of drug paraphernalia.[4]

Shaw filed an Omnibus Pretrial Motion, wherein she requested that the Commonwealth divulge the identity of the CI, as the CI's identity and

---

[2] Trooper Gavrish testified that he provided the CI with documented official funds to facilitate the transaction, and properly cleared the crack cocaine after the CI returned to the vehicle. N.T., 10/27/20, at 9, 17.

[3] The certified record does not contain any information detailing the subsequent traffic stop of Shaw's vehicle, or the circumstances underlying her arrest. Trooper Gavrish was the sole witness to testify at the hearing, and he indicated that he did not arrange for the subsequent traffic stop to take place, nor was he aware of the details surrounding Shaw's arrest or the search of her vehicle. N.T., 10/27/20, at 17-19.

[4] 35 P.S. § 780-113(a)(30), (16), (32).

testimony would exonerate Shaw. In particular, Shaw indicated that when her vehicle was stopped and subsequently searched, police were unable to locate the funds that the CI had used to purchase the drugs. The trial court held a hearing on October 27, 2020, regarding Shaw's Omnibus Pretrial Motion, during which it heard testimony from Trooper Gavrish. Following the hearing, the trial court issued an Opinion and Order granting Shaw's Motion, and directing the Commonwealth to disclose to Shaw the name and address of the CI.

The Commonwealth filed a timely Notice of Appeal, and court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Commonwealth raises the following questions for our review:

I. Whether the trial court erred in granting [Shaw]'s pre-trial Motion to compel the Commonwealth to reveal the identity of [the CI,] where [Shaw] presented no evidence, either testimony or physical, to establish a need material to her defense[?]

II. Whether the trial court abused its discretion by failing to properly balance the relevant factors between the public interest in protecting the flow of information against the individual's right to prepare his defense[?]

Brief for Appellant at vi (unnecessary capitalization omitted).

We will address the Commonwealth's issues together, as it does so in its brief. The Commonwealth argues that the trial court erred in granting Shaw's Motion to compel the disclosure of the CI's identity. *Id.* at 13-21. The Commonwealth asserts that the CI was not the only witness to confirm Shaw's identity, pointing to Trooper Gavrish's identification of Shaw based on his

review of Shaw's photograph and the vehicle being registered to Shaw. ***Id.*** at 14, 15-17. The Commonwealth also claims that Shaw failed to present evidence that Shaw's identity was actually mistaken, and as a result, Shaw failed to offer a reasonable possibility that the CI's testimony would exonerate her. ***Id.*** at 15, 18-19. Further, the Commonwealth claims that the CI's safety would be endangered, and that other investigations would be imperiled, if the CI's identity was disclosed to Shaw. ***Id.*** at 20-21.

"Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." ***Commonwealth v. Jordan***, 125 A.3d 55, 62 (Pa. Super. 2015) (*en banc*) (citation omitted).

Under Pa.R.Crim.P. 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of eyewitnesses, including confidential informants, when a defendant makes a showing of material need and reasonableness:

> **(B) Disclosure by the Commonwealth.**
>
> * * *
>
> (2) Discretionary With the Court.
>
>> (a) In all court cases, … if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
>>
>>> (i) the names and addresses of eyewitnesses….

- 4 -

Pa.R.Crim.P. 573(B)(2)(a)(i). Our Supreme Court "has repeatedly recognized the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in effective law enforcement." **Marsh**, 997 A.2d 318, 324 (Pa. 2010) (citation omitted); **see also id.** (stating that safety of the confidential informant is a controlling factor in determining whether to reveal his or her identity). To overcome the Commonwealth's qualified privilege, the defendant "must demonstrate at least a reasonable possibility the informant's testimony would exonerate him." **Commonwealth v. Withrow**, 932 A.2d 138, 141 (Pa. Super. 2007). "Only after the defendant shows that the identity of the confidential informant is material to the defense, is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighed toward the Commonwealth." **Commonwealth v. Koonce**, 190 A.3d 1204, 1209 (Pa. Super. 2018) (citation omitted).

In its Pa.R.A.P. 1925(a) Opinion, the trial court stated the following:

Under cross-examination, [Trooper Gavrish] testified that he did not leave his vehicle. He observed an individual who was sitting inside a parked car from the inside of another parked car, at night. [Trooper Gavrish] also testified under cross-examination that the [CI] was, indeed, the only person who physically approached and made contact with the driver of the vehicle. [Trooper Gavrish] further testified under cross-examination that although other officers may have witnessed the controlled buy, they were even further away than he was. [Shaw] thus established an evidentiary basis that the [CI] possessed relevant information that would materially aid her in presenting her defense and that the information was not obtainable from another source: the

controlled buy took place at night; only the [CI] made close, physical contact with the alleged seller; the alleged seller never got out of her vehicle; [Trooper Gavrish] never got out of his vehicle; the only other officers who may have witnessed the controlled buy were further away; [Shaw] was arrested approximately one hour later in a different location; and the officer who arrested [Shaw] was not [Trooper Gavrish,] who arranged the controlled buy. The Commonwealth could provide no other eyewitness who could satisfactorily provide a positive identification of the alleged seller, other than the [CI]. The [c]ourt therefore found that [Shaw] had shown that the [CI]'s testimony concerning the identity of the alleged seller was material to her defense.

The [c]ourt further found that [Shaw]'s request was reasonable. [Shaw] was charged with two counts of [possession with intent to deliver], one count of [possession of a controlled substance], and one count of [possession of drug paraphernalia]. [Shaw]'s argument was that she was not the individual who sold the crack cocaine. The [CI]'s testimony would therefore be abundantly relevant, since the [CI] is the only other person who could satisfactorily provide a positive identification of the individual who sold the crack cocaine. Moreover, the arrest in this case did not take place during the controlled buy, … but approximately one hour later, in a different location, by a different officer, and in the context of a traffic violation. [Trooper Gavrish] testified to only one alleged transaction with [Shaw], stated that he verified [Shaw]'s identity using only a single picture appearing on a computer screen, and provided no other witnesses to corroborate the seller's identity. Furthermore, the Commonwealth failed to meet its burden, as outlined by the Pennsylvania Supreme Court in **Com**[**monwealth**] **v. Bing**, [713 A.2d 56 (Pa. 1998)[5]], of establishing a reasonably specific type of

_____

[5] In **Bing**, our Supreme Court held that the Commonwealth presented evidence demonstrating that the confidential informant's safety would be jeopardized if his or her identity was disclosed, as testimony was presented that informants working with the Pennsylvania State Troopers who arrested the appellant had been assaulted, threatened, and harassed. **Bing**, 713 A.2d at 60. Additionally, the Supreme Court concluded that the risk of misidentifying the appellant was minimal, as the appellant had been identified during seven separate observations by three different State Troopers. **Id.** at 59.

> danger which justified keeping the [CI]'s identity confidential. Under these circumstances, the above-cited case law requires that the [CI]'s identity be disclosed.

Trial Court Opinion, 3/18/21, at 2-3 (footnote added).

We discern no abuse of discretion in the trial court's analysis or conclusion. In this case, Shaw pursued a mistaken identity defense, and her assertion that the subsequent vehicle search did not yield any of the money used in the controlled buy provided a reasonable possibility of a mistaken identity. *See Withrow*, *supra*. Further, Trooper Gavrish was the Commonwealth's sole witness at the hearing, and he indicated that he would also be the Commonwealth's sole eyewitness at trial. N.T., 10/27/20, at 29. Moreover, the Commonwealth's only evidence that the CI would be placed in danger was Trooper Gavrish's response of "Yes, I do," when asked by the Commonwealth. N.T., 10/27/20, at 10; *see Bing*, 713 A.2d at 60. As a result, combined with Trooper Gavrish's testimony regarding his identification of Shaw during the controlled buy, we agree with the trial court that disclosure of the CI's identity was appropriate. *See Commonwealth v. Payne*, 656 A.2d 77 (Pa. 1994) (stating that disclosure was appropriate where the officer did not know the appellant; the appellant was arrested seven months after the controlled buy; and the officer was the only prosecution witness); *Commonwealth v. Carter*, 233 A.2d 284, 287 (Pa. 1967) (holding that disclosure was appropriate where the identification of the appellant was based on a single police viewing); *Commonwealth v. Roebuck*, 681 A.2d 1279

(Pa. 1996) (concluding that disclosure was appropriate when the appellant sold narcotics on two occasions to an undercover officer, but the only eyewitness to the initial transaction other than the informant was a police officer).[6] Accordingly, the trial court did not abuse its discretion in directing the Commonwealth to disclose to Shaw the CI's identity.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021

---

[6] The Commonwealth repeatedly relies on **Marsh** to support its contention that Shaw was required to proffer specific evidence for her mistaken identity defense. **See** Commonwealth's Brief at 15-17. However, we note that the facts in this case differ significantly from those in **Marsh**, where our Supreme Court concluded that the informant's identity was not material to the appellant's mistaken identity defense because the appellant was arrested in the undercover officer's car immediately following the controlled buy. **See Marsh**, 997 A.2d at 320-22.